UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH GAYMON,<br>Plaintiff | : :<br>: | |
| | : | PRISONER CASE NO. |
| v. | : | 3:10-CV-653 (JCH) |
| | : | |
| JOHN TARASCIO,<br>Defendant | : :<br>: | OCTOBER 25, 2010 |

**RULING ON RESPONDENT'S MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS [Doc. No. 22] AND PETITIONER'S MOTIONS
FOR FEDERAL INTERVENTION [Doc. No. 3], TO DISPENSE WITH EXHAUSTION
REQUIREMENT [Doc. No. 5], FOR EXPEDITED HEARING [Doc. No. 14],
TO DISMISS FOR LACK OF JURISDICTION [Doc. No. 15]
AND TO STRIKE MOTION TO DISMISS [Doc. No. 24]**

Petitioner, Joseph Gaymon, currently confined at the Gates Correctional Institution in Niantic, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his state court conviction, pursuant to a guilty plea, for possession of narcotics by a non-drug-dependent person with intent to sell. The respondent moves to dismiss the petition on the ground that Gaymon has not exhausted his state court remedies with regard to any ground for relief. For the reasons that follow, the respondent's motion is granted, and Gaymon's motions are denied.

**I.    STANDARD OF REVIEW**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane,

394 F.3d 68, 73-74 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).  The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile.  See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such process ineffective to protect the rights of the applicant").

## II. PROCEDURAL BACKGROUND

On February 14, 2008, Gaymon pled guilty to one count of possession of narcotics by a non-drug-dependent person with intent to sell.  In accordance with the plea agreement, Gaymon was sentenced to a term of imprisonment of twelve years, execution suspended after seven years, followed by five years probation.  Gaymon did not file a direct appeal.

On April 15, 2008, Gaymon filed a petition for writ of habeas corpus in state court.  That action remains pending.  See Case Detail TSR-CV08-4002364-S, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV084002364S (last visited Oct. 25, 2010).

In August 2008, Gaymon filed a motion to correct his sentence on the ground that the prosecutor had breached the plea agreement.  The court denied the motion on November 21, 2008.  Gaymon did not file a direct appeal from the denial of his motion to correct sentence.

On June 22, 2009, Gaymon filed a petition for writ of habeas corpus in federal court.  See Gaymon v. Strange, No. 3:09cv982 (JCH).  On August 18, 2009, this court

dismissed the petition sua sponte because Gaymon had not exhausted his state court remedies with regard to any claim contained in the Petition. In the Ruling, this court noted that all of the claims asserted in the federal petition were being litigated in the pending state habeas action. See Gaymon v. Strange, No. 3:09cv982(JCH), 2009 WL 2590103, at *1 (D. Conn. Aug. 17, 2009).

## III. DISCUSSION

Gaymon challenges his conviction on two grounds: (1) the trial court lacked subject matter jurisdiction over his criminal case and (2) ineffective assistance of counsel. The respondent moves to dismiss the Petition on the ground that Gaymon has not exhausted his state court remedies on either ground asserted in the petition. The respondent also argues that the claims raised in this Petition are not appreciably different from the claims raised in Gaymon's first federal habeas petition.

Gaymon moves to strike the Motion to Dismiss because he disputes the respondent's characterization of his claims, and he asks the court to order the respondent to address the merits of his claims. Federal Rule of Civil Procedure 12(f) provides that a court may strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Rule 7(a), Fed. R. Civ. P., defines a pleading as a complaint, an answer to a complaint, an answer to a counterclaim or cross-claim, a third-party complaint or third party answer. A Motion, referenced in Rule 7(b), is not such a pleading. Gaymon cannot move to strike respondent's Motion to Dismiss. Gaymon's Motion to Strike is therefore denied.[1]

---

[1] Given Gaymon is pro se, the court has considered his Motion to Strike in connection with his opposition to the Motion to Dismiss.

This court specifically informed Gaymon of the exhaustion requirement and what the exhaustion process entails in the ruling dismissing his first federal habeas corpus action. See Gaymon, 2009 WL 2590103, at *1-*2. The claims raised in the current petition are based on the same underlying facts as the claims in Gaymon's first federal Petition. The main difference is that in the earlier federal Petition, Gaymon characterized his first claim as denial of due process, whereas in this Petition, he describes the claim as lack of subject matter jurisdiction.

In both Petitions, Gaymon contends that the state court's insistence on appointing counsel to represent him in the pending state habeas action warrants excusing the exhaustion requirement. He argues that he no longer has an opportunity to obtain a state court remedy. The court disagrees. If the state Petition is denied, Gaymon can raise the denial of self-representation on appeal to the Connecticut appellate courts. He also may obtain review of any claims that he wanted to assert, but were not presented by appointed counsel, through a state habeas petition asserting ineffective assistance of habeas counsel. Because Gaymon has available state court remedies, the court will not excuse the exhaustion requirement. Gaymon's Motion to Excuse the exhaustion requirement is thus denied.

Gaymon concedes that he has not presented any of his claims to the Connecticut Supreme Court. Accordingly, the respondent's Motion to Dismiss is granted. In addition, Gaymon's Motions for Federal Intervention and to Dismiss for Lack of Jurisdiction, both of which address the merits of his claims, are denied as premature. The Motion for Expedited Hearing is denied as moot.

## IV. CONCLUSION

The respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [**Doc. No. 22**] is **GRANTED**. The petitioner may refile a federal habeas corpus action after he exhausts his state court remedies with regard to any claims for relief he chooses to pursue in federal court. The petitioner's Motions for Federal Intervention [**Doc. No. 3**], to Dispense with the Exhaustion Requirement [**Doc. No. 5**], for Expedited Hearing [**Doc. No. 14**], to Dismiss for Lack of Jurisdiction [**Doc. No. 15**], and to Strike the Motion to Dismiss [**Doc. No. 24**] are **DENIED**.

Because reasonable jurists would not find it debatable that Gaymon failed to exhaust his state court remedies, a certificate of appealability will not issue. See Slack v. McDaniel, 429 U.S. 473, 484 (2000). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 25th day of October 2010, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

5